# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERCY STOCKTON, | ) | 1:10-cv-00586-JLT HC |
| Petitioner, | ) ) ) | ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (Doc. 10) |
| v. | ) | |
| T. BILLINGS, | ) | |
| Respondent. | ) | |

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition, which concerns a disciplinary hearing held on October 10, 2009, was filed on April 5, 2010. (Doc. 1). In the petition, Petitioner alleges a single ground for relief as follows: (1) a prison counselor, T. Billings, repeatedly rejected Petitioner's appeal from a disciplinary rules violation finding that resulted, inter alia, in the loss of thirty days' credits. (Doc. 1, pp. 3; 19).   On April 16, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). After a preliminary screening of the petition, the Court, on April 26, 2010, issued an Order to Show Cause why the petition should not be dismissed for lack of exhaustion of state court remedies. (Doc. 5). The Order to

Show Cause gave Petitioner thirty days to file a response or face dismissal of the petition.  On May 10, 2010, Petitioner filed a response indicating, in essence, that he did not understand how to exhaust his remedies or what in what court he should attempt such exhaustion.  (Doc. 7).  Petitioner made no claim that his sole ground for relief had been exhausted nor did he present any evidence of exhaustion.

On May 13, 2010, the Court issued an order dismissing the petition as unexhausted, entering judgment against Petitioner, and closing the case.  (Docs. 8 & 9).  On June 4, 2010, Petitioner filed the instant motion for stay of proceedings in order to exhaust his remedies in state court.  (Doc. 10).

**DISCUSSION**

In the prior proceedings, Petitioner was informed in the Court's Order to Show Cause, issued on April 26, 2010, that it appeared to the Court that Petitioner's claim had not been presented to the California Supreme Court.  (Doc. 5).  At that time, Petitioner was fully advised regarding the requirements for exhausting his remedies in state court.  (Id.).  If Petitioner had desired to obtain a stay of proceedings in order to fully exhaust his claim, then either in his response to the Order to Show Cause, or during the thirty-day response period provided therefore, was the appropriate time and place to make such a request.  Instead, Petitioner filed a one-page response to the Order to Show Cause, essentially requesting that the Court advise him on how to proceed.  This the Court cannot do.

The Court is not an advocate for Petitioner or, indeed, for any other party in these proceedings.  Petitioner filed his own federal petition; it is his obligation to satisfy all of the requirements of federal law regarding such a proceeding.  The Court provided Petitioner with all of the information it reasonable could provide, short of offering Petitioner legal advice.  Nevertheless, Petitioner chose not to request a stay of proceedings.

At this juncture, the petition has been dismissed, judgment has been entered, and the case has been closed.  Petitioner has not provided any reasons explaining his delay in timely requesting a stay.  Absent a motion to set aside the judgment pursuant to Fed. R. Civ. P. 60(b), which the Court has not received from Petitioner, there is no further relief the Court can afford

Petitioner in these proceedings.[1]  Certainly, on the basis of Petitioner's one-page request for a stay, the Court cannot set aside a judgment already entered, reopen a closed case, and then stay those proceedings indefinitely while Petitioner seeks exhaustion in state court.

Accordingly, the Court will deny Petitioner's motion.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.   Petitioner's motion for stay of proceedings (Doc. 10), is DENIED.

IT IS SO ORDERED.

Dated:  **June 9, 2010**                                         /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 60(b) provides that the Court, upon a timely motion, may relieve a party or its legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief.  Specifically, Petitioner has presented nothing that would satisfy grounds two, three, four, and five.  Ground one is not satisfied simply because Petitioner lacks legal training. E.g., Schussler v. Webster, 2009 Lexis 19530 *16 (S.D. Cal. March 9, 2009)(a pro se party is not entitled to relief under Rule 60(b)(1) merely because he lacked training to properly defend case on merits).  Moreover, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Petitioner has not presented any justification for waiting until judgment was entered and the case closed to request a stay of proceedings.  Thus, even if Petitioner had filed a motion pursuant to Rule 60, Petitioner does not meet any of the six circumstances set forth in the rule or the requirements of the Court's Local Rules.